Filed 4/20/11

# IN THE SUPREME COURT OF CALIFORNIA

CALIFORNIA FARM BUREAU ) 
FEDERATION et al. )
)
      Plaintiffs and Appellants, )
) S150518
      v. )
) Ct.App. 3 C050289
STATE WATER RESOURCES )
CONTROL BOARD, )
) Sacramento County
      Defendant and Respondent. ) Super. Ct. Nos.
) 03CS1776 & 04CS00473
_____ )

## MODIFICATION OF OPINION

**THE COURT**:

The opinion herein, appearing at 51 Cal.4th 421, advance report, is modified as follows:

1. On page 443 of 51 Cal.4th [advance report], the heading lettered capital C. (in roman) and titled Federal Contractors (in italics), and the two immediately succeeding paragraphs of text, are deleted. Substituted in place of the deleted material are (1) a heading lettered capital C. (in roman) and titled Ad Valorem Real Property Tax (in italics) and (2) immediately under that heading, the following text:

Plaintiffs Northern California Water Association and Central Valley Water Project Association contend that section 1525 imposes an unconstitutional "new

ad valorem tax[ ] on real property." As these parties observe, Proposition 13 prohibits this particular category of new taxes, regardless of legislative approval. (Cal. Const., art. XIII A, § 3.)

The gravamen of the contention is that the water rights obtained through the Division's permits and licenses are interests in real property, and that the license and permit charges imposed under section 1525 are thus taxes improperly based on the ownership of real property interests. However, we have determined above that section 1525 does not, on its face, impose a tax, as opposed to a regulatory fee unaffected by Proposition 13. A fortiori, the face of the statute assesses no new "ad valorem tax[ ] on real property."

Any further consideration of the ad valorem real property tax issue is premature. We have deemed it necessary to remand for further evidence and findings whether the specific system of charges developed by the SWRCB under the authority of section 1525, subdivision (a) imposes taxes, rather than fees. If the remand leads to the conclusion that the charges are valid fees, not taxes, it will follow that they do not constitute ad valorem taxes on real property.

On the other hand, if the remand results in a conclusion that the current charges are taxes, not fees, those taxes will be unconstitutional under Proposition 13, whether or not they are "ad valorem taxes on real property" (Cal. Const., art. XIII A, § 3), because they were authorized by less than a two-thirds legislative vote (*ibid.*). Accordingly, we express no further views on this subject.

2. Immediately following the substituted text set forth in paragraph one of this order, a new heading lettered capital D. (in roman) and entitled Federal Contractors (in italics) is added.

This modification does not affect the judgment.